### 6539. VAUGHN v. THE STATE.

WADE, J.　1. Before this court can properly consider a judgment overruling a plea of former jeopardy, the judgment must be excepted to in a final bill of exceptions, or in exceptions pendente lite. A judgment of this character does not constitute a ground for a new trial, and should not be incorporated in a motion for a new trial. *Collier* v. *State*, 8 *Ga. App.* 371 (69 S. E. 29).

2. The evidence supports the verdict and no error appears in the trial on the merits.　　　　　　　　　　　　　　　　*Judgment affirmed.*

DECIDED JULY 2, 1915.

Accusation of misdemeanor; from city court of Griffin—Judge Flynt. March 13, 1915.

*W. H. Connor,* for plaintiff in error.

*W. H. Beck, solicitor,* contra.

---

### 5905. MOSLEY v. THE STATE.

RUSSELL, C. J.　1. While it is essential to a conviction of the offense of seduction that the jury be satisfied beyond a reasonable doubt that the female alleged to have been seduced was, at the time of the alleged seduction, a virtuous unmarried female, and they should be so instructed by the court, still, in the absence of an appropriate and timely request for fuller instructions upon the point, the reading of the code section defining the offense of seduction is sufficient to inform them of the necessity for proof of the fact that the person alleged to have been seduced was "a virtuous unmarried female."

2. There was conflict in the evidence, but, since it is not made to appear that the finding reached by the jury was the result of aught else than the exercise of their exclusive prerogative of determining the credibility of witnesses, the trial judge did not err in overruling the motion for a new trial.　　　*Judgment affirmed. Broyles, J., not presiding.*

DECIDED MAY 17, 1915. REHEARING DENIED JULY 3, 1915.

Indictment for seduction; from Toombs superior court. Judge Rawlings. May 29, 1914.

*Hines & Jordan, E. J. Giles, Cowart & Brown,* for plaintiff in error.

*R. Lee Moore, solicitor-general,* contra.